ON PETITION FOR REHEARING AND
REHEARING EN BANC

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

            v.                                    No. 02-6835

FAHED T. TAWALBEH,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-97-24-R, CA-00-858)

Submitted: April 15, 2003

Decided: May 30, 2003

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Rehearing granted, rehearing en banc denied, and appeal dismissed by
unpublished per curiam opinion.

---

**COUNSEL**

Robert F. Rider, ROBERT F. RIDER, P.L.C., Roanoke, Virginia, for
Appellant. Thomas Jack Bondurant, Jr., Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Fahed Tawalbeh was convicted of: (1) conspiracy to damage and destroy by means of fire a competitor's store, The Corner Store, which was used in interstate commerce or in an activity affecting interstate commerce, 18 U.S.C. § 844(i) (2000), and conspiracy to use an incendiary destructive device, a Molotov cocktail, 18 U.S.C. § 924(c) (2000), in violation of 18 U.S.C. § 371 (2000); (2) maliciously damaging and destroying the competitor's store involved in interstate commerce by means of fire, 18 U.S.C. § 844(i); and (3) using an incendiary destructive device during and in relation to a crime of violence, 18 U.S.C. § 924(c). Tawalbeh received a sentence of 431 months. Tawalbeh and his co-conspirators appealed their convictions, which were affirmed by this court. *United States v. Abed*, No. 98-4637(L), 2000 WL 14190 (4th Cir. Jan. 10, 2000) (unpublished).

In November 2000, Tawalbeh moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (2000). After an evidentiary hearing on one issue of ineffective assistance of counsel, the district court denied this motion. In his appeal of that denial, Tawalbeh asserted the same claims raised in the district court: (1) sufficiency of evidence relating to arson of the store; (2) sufficiency of the evidence relating to the use of a Molotov cocktail; (3) whether convictions under both 18 U.S.C. § 924(c) and 18 U.S.C. § 844(i) violated the Double Jeopardy Clause; (4) the jury was subject to outside influences; (5) his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (6) the Government used perjured testimony; and, (7) twelve claims of ineffective assistance of counsel.

In an opinion issued on January 8, 2003, we considered the merits of Tawalbeh's claims. We determined that those claims did not warrant relief and accordingly denied a certificate of appealability and

dismissed Tawalbeh's appeal. Tawalbeh petitioned for panel and en banc rehearing, asserting that we incorrectly analyzed the underlying merits of his claims before first determining whether he was entitled to the requested certificate of appealability, as required by *Miller-El v. Cockrell*, ___ U.S. ___, 123 S. Ct. 1029 (2003). Upon consideration of his petition, we grant panel rehearing. As no active member of the court has voted to grant en banc rehearing, it is denied.

To be entitled to a certificate of appealability, Tawalbeh must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon examination of Tawalbeh's appeal, we conclude that Tawalbeh has failed to demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION FOR PANEL REHEARING GRANTED,*
*PETITION FOR EN BANC REHEARING DENIED,*
*APPEAL DISMISSED*